UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F I L E D
AUG 2 3 2013
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 11-20281

    HONORABLE DENISE PAGE HOOD

RICKY BROWN (D-1),

    Defendant.

_____/

## ORDER DENYING MOTION TO WITHDRAW AS COUNSEL, GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, DENYING REQUEST FOR STAY AND DENYING MOTION TO SHOW CAUSE AND PROOF OF FACTS

**I. INTRODUCTION**

Defendant Ricky Brown was found guilty by a jury on Count 1 (Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1) and (2); Count 2 (Possession with Intent to Distribute Marijuana, 21 U.S.C. § 841(a)(1) and (b)(1)(D), and Count 3 (Possessing a Firearm in Furtherance of Drug Trafficking, 18 U.S.C. §§ 924(c) and 924(c)(1)(A)(i). Defendant received a concurrent sentence on Counts 1 and 2 of 57 months and a consecutive sentence of 60 months on Count 3. (Judg. Doc. No. 43)

This matter is before the Court on motions filed by the defense. Each is addressed below.

**II. ANALYSIS**

    **A. Motion to Withdraw as Counsel**

Counsel for Defendant, Elias Muawad, seeks to withdraw as counsel for Defendant to allow Defendant to proceed *In Forma Pauperis* on appeal. The Judgment was entered on May 17, 2013

and the Notice of Appeal was filed on May 31, 2013. Counsel's motion was filed on June 14, 2013.

Local Rule 57.1 of the Eastern District of Michigan states:

> a) An attorney, whether retained or appointed, who enters a post-indictment appearance shall continue to represent the defendant until the case is dismissed, the defendant is acquitted, or the direct appeal is completed unless the attorney is granted leave to withdraw by the District Court *or the Court of Appeals if notice of appeal has been filed.*

The Sixth Circuit Rule 101 further states that, "[t]rial counsel in criminal cases, whether retained or appointed by the district court is responsible for the continued representation for the client on appeal until specifically relieved by *this Court (Sixth Circuit)."* 6 Cir. R. 101(a). The Sixth Circuit allows withdrawal of appellate counsel pursuant to a motion filed under 6 Cir. R. 101(f).

A Notice of Appeal has been filed with the Sixth Circuit. This Court no longer has jurisdiction over Defendant's application for appointment of counsel based on Sixth Circuit Rule 101(a). Defendant continues to be represented by counsel until that counsel seeks withdrawal from the case by a written motion before the Sixth Circuit Court of Appeals. The Motion to Withdraw as Counsel is denied without prejudice pending such a motion before the Sixth Circuit.

As to seeking pauper status, the Defendant must comply with the Sixth Circuit Rule 24 to file Form CJA 23 with the district court. It is noted that the Clerk's Office entered an order striking the filing of the Form CJA 23, even though the Sixth Circuit requires the Form CJA 23 to be filed with the district court. (Doc. No. 47) The Court has now reviewed the Form CJA 23 and based on the responses on the Form, Defendant is a pauper. Defendant's Motion to proceed on appeal *in forma paupers* is granted and he may so proceed on appeal.

**B. Request for Stay**

Defendant filed a request to stay the matter and not to report to the Bureau of Prisons on July

24, 2013. The Government opposes the motion. The Court continued Defendant's bond after the guilty verdict and after sentencing. The Government did not request Defendant to be taken into custody pursuant to the statute.

Bond pending an appeal is governed by Section 3143(b)(2) which provides that the judicial officer shall order a person who has been found guilty of an offense in subparagraph (A), (B) or (C) of 3142(f)(1) and sentenced to a term of imprisonment and who has filed an appeal *shall* be detained. 18 U.S.C. § 3243(b)(2). Section 3142(f)(1)(B) includes an offense for which a maximum sentence is life imprisonment. In this case, the maximum sentence for Count 3, possessing a firearm in furtherance of a drug trafficking crime, is a life sentence. Defendant has not shown that he is entitled to bond pending an appeal, in light of the statute noted.

Defendant also cites Rules 32 and 38 of the Rules of Criminal Procedure to support his request to stay the matter or for bond pending appeal. Rule 32 governs procedures for preparing the presentence report, sentencing and the entry of judgment. Rule 32 does not apply to Defendant's request to stay the matter. Fed. R. Crim. P. 32. Rule 38 allows the stay of a sentence of imprisonment if a defendant is released pending appeal. Fed. R. Crim. P. 38(b)(1). However, as noted above, Defendant will be detained to begin serving his sentence pending appeal.

As to Defendant's most recent filing of a Motion to Show Cause and Proof of Facts, the Court denies the motion without prejudice since the Court lacks jurisdiction over the case which is currently on appeal.

III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Ricky Brown's Motion to Withdraw as Counsel is DENIED

3

without prejudice pending any request by Defendant's current counsel before the Sixth Circuit Court of Appeals and Defendant Brown's Motion to Allow Defendant to Proceed *In Forma Pauperis* on appeal is GRANTED **(Doc. No. 46)**.

IT IS FURTHER ORDERED that Defendant Ricky Brown's Request for Stay **(Doc. No. 48)** is DENIED.

IT IS FURTHER ORDERED that Defendant Ricky Brown's Motion to Show Cause and Proof of Facts **(Doc. No. 50)** is DENIED without prejudice since the Court no longer has jurisdiction over the matter and the case is on appeal.

/s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: AUG 2 3 2013

4